McGUIGAN, Appellant, v. HENNESSY, Respondent.

[No. 1207.]

[Submitted April 12, 1900.   Decided May 22, 1900.]

*Deed—Description—Construction—Question for Jury.*

A deed of land described the tract conveyed as a lot situated in a certain town, country and state, "fronting 25 feet on" a certain road, "extending back east 120 feet, more or less, to the gulch, and lying about 25 or 30 feet south from the south side line" of a certain claim. *Held,* in a suit involving its construction, that the description was not so ambiguous as to authorize the submission of the case to the jury.

*Appeal from District Court, Silver Bow county; John Lindsay, Judge.*

Action by William McGuigan against John B. Hennessy. From a judgment for defendant, plaintiff appeals.   Affirmed.

*Mr. John W. Cotter* for Appellant.

A motion for a non-suit having been sustained in this case, we invoke the rule established in this jurisdiction, "that all the facts that the evidence tends to prove are proven, for the purpose of the motion." *(Scyer* v. *Great Falls Water Co.,* 15 Mont., 1.)

In this record the following facts are proven:

First—That the United States of America conveyed to John E. Lloyd the ground in controversy, by a patent.

Second—That Lloyd, by his deed of September 21st, 1881, conveyed a lot of twenty-five feet on the main road from Butte to Walkerville, extending back east one hundred and twenty feet, more or less.

Third—That Thomas went upon the ground and made improvements thereon upon a line corresponding with the north line of plaintiff's property, as claimed in this action.

Fourth—That Thomas conveyed to Youlten and others, and that the property finally came down by conveyance to

Martin, and that, while Martin was in possession, Hennessy went upon the ground north of the ground claimed by plaintiff, and constructed some buildings, as shown on the plat, in conformity with the north side line as claimed by plaintiff.

Fifth—That plaintiff and his predecessors in interest have been in continuous possession of the property, since 1881, up to the time of the trespass thereon by the defendant.

Sixth—That Hennessy built in conformity with the line so claimed, and recognized the existence thereof some time prior to 1888 and up until June 5th, 1896.

In the deed from Lloyd to Thomas, he describes a certain lot fronting twenty-five feet on the main road from Butte to Walkerville and extending back east one hundred and twenty feet, more or less, to the gulch, and lying about twenty-five or thirty feet south of the "Granger" Quartz Lode Claim. In plaintiff's Exhibit "G," it is shown that the main road or street runs directly north and south, and the word "east" being used, conveys a piece of ground twenty-five feet wide by one hundred and twenty feet, more or less, in length, at right angles with the main road, and not in a southeasterly direction. (*Hoban* v. *Cable* (Mich.), 60. N. W., 466.)

The word "about" in the deed does not mean any precision of distance. (2 Devlin on Deeds, Sec. 864, P. 154.)

That is a sufficient description to convey a piece of land twenty-five feet wide by one hundred and twenty feet, more or less, in length. (*Harker* v. *Cain* (Texas), 6 S. W., 637.)

Where a description in a deed by metes and bounds conflicts with the plats of the property, the former description governs. (*Waldin* v. *Smith* (Ia.), 39 N. W., 82. *Beaubien* v. *Kellogg* (Mich.), 37 N. W., 691, note.

"East," as used in this deed, not being controlled or modified by any other language or any object, means due east. (2 Devlin on Deeds, Section 1035. *Currier* v. *Nelson*, 96 Cal., 505; 31 Pac., 531.)

The evidence in the case shows that the parties gave the deed a practical construction, by the erection of improvements

upon the ground in controversy, long prior to the time the controversy arose. The practical construction given this deed is significant, and entitled to the greatest consideration. (*Raymond* v. *Nash*, 57 Conn., 447; 18 Atl., 714. *Stone* v. *Clark*, 1 Metc., 378; 35 Am. Dec., 370, note. 2 Devlin on Deeds, Section 851, note 2.

Where parties owning contiguous estates derive title from a common source, and a dispute arises as to the boundaries, the elder title must first be satisfied. (*Keller* v. *Shelmire* (La.), 7 Southern R., 587.)

Where a deed contains two descriptions, one general and the other specific, the grantee may rely on the one most beneficial to him. (Civil Code, Sec. 1473; *Winter* v. *White*, (Md.) 17 Atl. Rep. 84; *Hager* v. *Spect*, 52 Cal. 579, 582; *Vance* v. *Fore et al.*, 24 Cal. 436; *Silver Creek C. Co.* v. *U. L.*, etc., *Co.*, 35 N. E. 125; 2 Devlin on Deeds, Sec. 848.)

The words of a deed are taken most strongly against the party using them. (*Douglass* v. *Lewis*, 131 U. S. 75; L. Ed. 53; *Homer* v. *Schonfeld*, 84 Ala. 313; 4 South Rep. 105.)

In construing this deed, the court should have taken the starting point and measured twenty-five feet along the main road and extended parallel lines east from the two points to the gulch, and given the plaintiff a piece of ground twenty-five feet wide by one hundred and twenty feet, more or less, in length. (*Warbel* v. *Knott*, (Pa.) 18 Atl. Rep. 390.)

The first clause of the deed, granting a parallelogram, is repugnant to the second clause of it, as construed by the court and defendant, inasmuch as, in the first clause the lines are to run east from the main road, while in the second clause, if defendant's and the Court's construction is correct, they should run southeasterly from the main road. If such repugnancy exists, which we do not admit, the first controls, and the ground is included within the plaintiff's property. (*Blair* v. *Muse, et al.*, (Va.) 2 S. E. Rep. 31, note.)

Where there is repugnancy between a general and a particular clause in a deed, the latter will control. (Code Civ. Proc., Sec. 3413; 2 Devlin on Deeds, Sec. 1039; *Wharton* v.

*Brick et al.*, (N. J.) 8 Atl. Rep. 529; *Carter* v. *Chevalier*, (Ala.) 19 South Rep. 798; *Silver Creek C. Co.* v. *U. L.*, etc., *Co.*, 35 N. E. 125.)

The witness Pennington, a surveyor, testified that he found the lot by the descriptions given in the deeds. Where the description is sufficient to enable a surveyor to ascertain and locate the land, this is a full and sufficient description. (*Black* v. *Pratt C. & C. Co.*, (Ala.) 5 South Rep. 89, 93; *Campbell* v. *Carruth et al.*, (Fla.) 3 South Rep. 432; 2 Devlin on Deeds, Sec. 1012.)

Where adjoining owners erect buildings or improvements with reference to the supposed line, as in this case, this is a practical location of the boundary, more especially where it has been recognized as the true boundary for a great number of years, as in this case. (*Ford* v. *Schlosser*, 34 N. Y. S. 12.)

Where coterminous proprietors agree upon a dividing line (as the evidence shows that Lloyd and Thomas did, in this case, agree upon the north line of the property in conflict, as established by Thomas), and if they afterwards follow up such agreement by the construction of a dividing fence, or other improvements, up to that line, as defendant did, and occupy the same to the fence or improvements, the possession is adverse, and they are estopped from afterwards disturbing it. (1 Am. and Eng. Ency. of Law, 2nd Ed., 793; 2 Devlin on Deeds, Sec. 1036; *Silvarer* v. *Hanson et al.*, 17 Cal. 579; *White* v. *Spreckels*, 75 Cal., 610; *Helm* v. *Wilson*, 76 Cal., 476.)

*Mr. Thompson Campbell*, for Respondent.

**PER CURIAM.** Action to recover possession of a piece of ground described in the complaint by metes and bounds, and for damages, rents and profits. Defendant denies that plaintiff is the owner of the ground in controversy, or any part thereof, and that without right or title he went upon any portion thereof or ousted or ejected plaintiff therefrom, or that he has withheld possession thereof, to plaintiff's damage.

Upon close of plaintiff's evidence, defendant's motion for a nonsuit was granted, and judgment ordered for defendant for costs.    Plaintiff appeals.

The main question in this case involved a construction of a certain description in an original deed of conveyance from one Lloyd to one Thomas.    The tract was described as "a parcel or lot of land situate, lying, and being in the town of Center-ville, Silver Bow County, Montana territory, to wit:  That certain lot fronting twenty-five feet on the main road from Butte City to Walkerville, extending back east one hundred and twenty feet, more or less, to the gulch, and lying about twenty-five or thirty feet south from the south side line of the Granger quartz lode claim."    After considering the evidence of plaintiff, the court held that there was no such ambiguity in the description as authorized the submission of the case to the jury.    We affirm the ruling as correct, deeming it unnecessary to recite the facts.*

Judgment and order affirmed.                              *Affirmed.*

---

*Note.—In sustaining the motion for a nonsuit, the trial court ruled as follows: "It occurs to me that there is no ambiguity in the description contained in the deed from Lloyd to Thomas.  That it was the intention of the parties, the one to sell and the other to buy a lot of land embraced within a tract 25 feet in width by 120 feet, more or less, in depth.  It can hardly be said, under the circumstances, that the word 'east' as contained in the conveyance aforesaid, restricts the defendant, as has been contended, to a plot less in area than that evidently transferred.  I believe it to have been the intention of the grantor, as heretofore indicated, to sell a tract of land 25 feet fronting on Main street in Centerville, and extending back *parallel* with the south boundary line of the 'Granger' lode a distance of 120 feet, more or less.  I do not believe that the fact that the defendant erected a building to conform to the north and south line of the said street in any way precludes him from claiming what manifestly he was entitled to by virtue of his deed."—*O. T. C.*